**ANTONELLI, Admrx., Plaintiff-Appellant, v. OHIO EDISON COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3574.    Decided April 10, 1953.

William W. Weir, Warren, Oscar A. Stephens, Youngstown, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

Plaintiff, administratrix of the estate of George F. Antonelli, deceased, called administratrix in this opinion, appealed to this court on questions of law from a judgment of the court of common pleas returned for defendant, a public utility cor-

poration, by direction of the trial judge at the close of plaintiff's evidence in her action to recover damages for the death of decedent, allegedly resulting from the negligence of the defendant.

Immediately prior to his death decedent was engaged as an employee of a television dealer in installing a television and erecting a twenty-five foot antenna on a farmer's residence in Trumbull county, when the antenna thereof came in contact with one of defendant's uninsulated primary wires, which at the time were about twenty-five feet above the ground and were transmitting 7000 to 7200 volts of electricity. Defendant's predecessors obtained the right to erect such wires from the owners of the property on which the antenna was being erected.

As the result of the contact of the antenna with such primary wire decedent was electrocuted.

Plaintiff's petition charges the defendant with negligence in maintaining the said high voltage wires without insulation within the reach of the pole and antenna being mounted upon said residence and within approximately 8 feet laterally from the porch of said residence and without any warning sign of the existence of such danger, while said defendant ought to have anticipated such consequences as likely to result from the maintenance of its wires at the unusually long distance from the highway; to-wit, approximately 25 feet farther from the highway then elsewhere along said highway, smaller in size and partially obscured from view by the leaves and limbs of trees.

Plaintiff contends by assignments of error, oral argument and brief, that "the court erred in finding that the minds of reasonable men could reasonably come to but the single conclusion that under the evidence as adduced by the plaintiff there was no negligence on the part of the defendant"; that the "court erred in sustaining defendant's motion for a verdict to be directed in its favor at the conclusion of plaintiff's evidence"; that "the verdict of the jury is contrary to law"; and finally "for other errors apparent upon the face of the record."

As a result of a careful consideration of the evidence, the arguments and briefs of counsel, the court concludes that no error prejudicial to plaintiff intervened in the common pleas court, and that the court properly found from the evidence that reasonable minds could not disagree but must find that defendant was not negligent.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.